UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN CUEVAS,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL McCABE,<br><br>               Defendant. | Case No. 1:21-cv-00055-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The prisoner civil rights complaint of Plaintiff Kevin Cuevas was conditionally filed by the Clerk of Court, subject to review by the Court to determine whether it should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Having reviewed the record, the Court enters the following Order requiring Plaintiff to file an amended complaint.

### REVIEW OF COMPLAINT

**1. Background**

While Plaintiff was on parole, Defendant Michael McCabe, a parole agent for the Idaho Department of Correction, allegedly filed an illegal agent warrant in an attempt to support the filing of a parole violation against Plaintiff. Plaintiff states that he has been incarcerated on this false charge since July 6, 2020, without the ability to post bail because it is a parole violation, not a criminal charge.

**2. Standard of Law for Review of Complaint**

The Court is required to review complaints filed in forma pauperis, or those filed by

prisoners seeking relief against a governmental entity or officer, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B), 1915A.

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," but lack a causal link or other element of a civil rights cause of action, the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Certain types of parole claims may be brought as § 1983 claims; others must be asserted in habeas corpus actions. For example, in *Heck v. Humphrey*, 512 U.S. 477, 481

(1994), the United States Supreme Court determined that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility ... and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." *Id*. at 82. At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole. *Id*. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from ... imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The *Dotson* Court further noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the United States Supreme Court held that a prisoner's challenge to denial of good-time credit was not cognizable under § 1983 because the challenge would have necessarily implied the invalidity of the judgment. In *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997), the Ninth Circuit extended the *Edwards v. Balisok* holding to a defendant's challenge that parole officials wrongfully found him ineligible for parole when they considered false information in his prison file. Therein, the court reasoned:

> We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and therefore, the prisoner's continuing confinement. Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits. Appellant's civil claim for damages amounts to a collateral attack on his denial of parole and subsequent incarceration. *Heck* does not permit this.
>
> The fact that Butterfield seeks money damages rather than parole as a remedy does not alter this conclusion... Any money damages that would be assessed against defendants in this case would necessarily be based upon the harm to Appellant in having his parole denied, i.e., damages will inevitably be measured by the denial of parole– Butterfield's continuing confinement.

*Butterfield*, 120 F.3d at 1024.

Similarly, in *Bogovich v. Sandoval*, 189 F.3d 999 (9th Cir. 1999), the United States Court of Appeals for the Ninth Circuit made it clear that prisoners cannot use a civil action like the Americans with Disabilities Act (ADA) to challenge the validity or duration of confinement, but must do so in a habeas corpus action. Only in certain cases will plaintiffs be able to assert a civil rights action that implicates confinement without having first exhausted their state court remedies. In *Bogovich*, the court found that the claims of plaintiffs/appellants did *not* challenge the validity or duration of confinement because they:

> [did] not allege that they had been improperly denied parole, and [did] not seek to upset any previous decisions denying parole. Nor would appellants necessarily be entitled to parole or to shorter prison terms if they were successful on the merits of their ADA claim. Rather, appellants contend that, in the future, the Board should not be allowed to discriminate against disabled inmates in its parole decisionmaking process. If appellants are successful on their ADA claim, the Board might be required, at most, to limit its consideration of substance abuse as a parole factor or make other reasonable accommodations, if

and when appellants or similar situated persons come before the Board for parole consideration.

189 F.3d at 1003-04.

Therefore, in this case it appears that Plaintiff can pursue his allegations as a civil rights claim without having shown an invalidation of the parole revocation *only* if success in his case would not implicitly invalidate revocation of his parole. The Court cannot determine this issue based upon the limited information Plaintiff has provided. Leave will be granted for Plaintiff to clarify the facts surrounding his parole revocation and to provide supporting documents showing the procedural posture of his parole revocation case, such as notices and hearing documents showing whether his parole revocation issues have been resolved and how they were resolved, or if they are still outstanding, why they are still outstanding.

On the other hand, if Plaintiff determines that he is seeking damages for claims that would in essence invalidate his parole revocation, then he will have to show that the parole revocation has been reversed on direct appeal, expunged, declared invalid or has been invalidated by issuance of a writ of habeas corpus. If he is not able to demonstrate the invalidation of his parole revocation, his complaint must be dismissed, and he can attempt to seek invalidation of the parole revocation in a state court action.[1]

Plaintiff has not provided sufficient details to permit the Court to evaluate his

---

[1] The statute of limitations for a § 1983 action that is dependent upon a prior state court action to invalidate a conviction, sentence or parole revocation does not begin to run until the conviction, sentence or parole revocation is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck v. Humphrey*, 512 U.S. at 489.

claims. He can clarify his claims in an amended complaint. Plaintiff shall particularly state the following as to each Defendant: (1) the name of the person who personally participated in causing the alleged deprivation of his constitutional rights; (2) facts showing the person is a state actor; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met, such as the elements of a due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. If success on Plaintiff's claims would show that the parole revocation was invalid, he cannot pursue them until he has overturned the parole revocation in state court or via a federal habeas corpus action; in such case, he should file a notice of dismissal rather than an amended complaint.

## ORDER

**IT IS ORDERED** that Plaintiff shall file an amended complaint or a notice of voluntary dismissal **within 30 days** after entry of this Order. Failure to file anything further in this action will result in its dismissal for failure to state a claim upon which relief can be granted, without further notice to Plaintiff.

DATED: May 17, 2021

David C. Nye
Chief U.S. District Court Judge