UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN CUEVAS,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL McCABE,<br><br>                    Defendant. | Case No. 1:21-cv-00055-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

The Court required Plaintiff Kevin Cuevas to file an amended complaint stating

facts showing that his parole-related claims were not barred by the rule set forth in *Heck v.*

*Humphrey*, 512 U.S. 477, 481 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

*See Initial Review Order*, Dkt. 9. Plaintiff has filed a very brief Amended Complaint,

alleging that parole agent Michael McCabe applied for an agent warrant falsely claiming

that Plaintiff committed the felony offense of injury to child. Plaintiff says, "I was never

arrested for a felony injury to a child thus making the agent warrant [for a corresponding

parole violation] invalid." *Amended Complaint*, Dkt. 2 at 2. Plaintiff was wrongfully

arrested on the false agent warrant. He also asserts that Agent McCabe illegally waived

Plaintiff's preliminary hearing. In this civil rights action, he claims damages from the

resulting loss of liberty from his re-incarceration related to the parole violation charge. At

some point in time, Plaintiff was reinstated on parole. However, what happened and why

remains a mystery.

Because the Court identified *Heck* as a potential threshold issue in this case, the Initial Review Order specifically required Plaintiff to clarify the facts surrounding his parole revocation and to provide supporting documents showing the procedural posture of his parole revocation case, such as notices and hearing documents showing whether his parole revocation issues have been resolved and how they were resolved, or if they are still outstanding, why they are still outstanding. Dkt. 9. Plaintiff has failed to explain the circumstances and outcome of his parole revocation hearing and has failed to provide documents that would enable the Court to determine the answer to these questions itself.

Because he has not alleged that his parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus, *see Heck*, 512 U.S. at 486-87, Plaintiff's allegations relating to his parole revocation and resulting incarceration fail to state a claim upon which relief can be granted, and his Amended Complaint will be dismissed without prejudice. *See Conner v. Reincke*, No. CIV. 07-00496JMS/LEK, 2008 WL 355574, at *3 (D. Haw. Feb. 11, 2008)("Conner seeks a determination that his parole was revoked solely because Defendants entered into an illegal conspiracy with the single goal of revoking his parole. Conner's claims against Defendants would, if meritorious, 'necessarily demonstrate' the invalidity of his parole revocation and current reincarceration.").

Plaintiff failed to follow the simple instructions for amendment set forth in the Initial Review Order. He may desire to review those instructions and craft a new complaint in a

new action if he desires to pursue his claims.[1] This action will be closed to further amendment because an opportunity to amend is futile where a litigant will not follow the Court's explicit instructions regarding the facts necessary to state a cause of action.

## ORDER

**IT IS ORDERED** that Plaintiff's entire cause of action is DISMISSED without prejudice.

DATED: October 22, 2021

David C. Nye
Chief U.S. District Court Judge

---

[1] Plaintiff complains of actions taken on July 6, 2020; thus, if he has a cause of action not barred by *Heck*, he has adequate time to file a new action within the two-year statute of limitations.